**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Anthony Lipscomb</u>

    **v.**                                              Civil No. 14-cv-398-JL

<u>Esker Lee Tatum, Warden,</u>
<u>Federal Correctional Institution,</u>
<u>Berlin, New Hampshire</u>

<u>**REPORT AND RECOMMENDATION**</u>

Anthony Lipscomb, an inmate at the Federal Correctional Institution, Berlin, New Hampshire, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the validity of his 2005 conviction and resulting sentence in the District of Rhode Island.  <u>See</u> <u>United States v. Lipscomb</u>, No. 1:05-cr-00011-S-LDA-1 (D.R.I.).  The matter is before this court for preliminary review, to determine whether Lipscomb's § 2241 petition is facially valid and may proceed.  <u>See</u> Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); § 2254 Rule 1(b) (authorizing court to apply § 2254 Rules to habeas corpus petitions not filed pursuant to 28 U.S.C. § 2254); LR 4.3(d)(4)(A).

**Standard**

In undertaking the preliminary review of a habeas petition, this court decides whether the petition contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face and cognizable in a federal habeas action.  See McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." (citing § 2254 Rule 4)).  When a habeas petitioner is proceeding pro se, the assertions contained in the petition are construed liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

**Background**

In 2005, a jury in the District of Rhode Island convicted Lipscomb of federal drug and firearms offenses.  Lipscomb is serving a 180-month sentence pursuant to those convictions.  The First Circuit affirmed Lipscomb's conviction.  See United States v. Lipscomb, 539 F.3d 32, 34 (1st Cir. 2008), cert. denied, 555 U.S. 1124 (2009).[1]

---

[1] On direct appeal, the First Circuit remanded the case to the district court for resentencing, for reasons unrelated to the matter presently before this court.  The 180-month sentence Lipscomb is currently serving is the sentence imposed after the remand.

Lipscomb now asserts that Joseph Colanduono, the lead detective and main witness for the prosecution in Lipscomb's criminal case, was charged in 2009 with felony drug offenses, and pleaded guilty to those charges in 2011.  In this action, Lipscomb seeks to vacate his conviction on the basis that no factfinder hearing evidence of Colanduono's criminal behavior, particularly if it occurred at the time of Lipscomb's criminal trial, would find Lipscomb guilty of the offenses of which he was convicted.

In addition to his direct appeal, Lipscomb has made a number of post-conviction challenges in his criminal case in the District of Rhode Island,[2] including a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 (ECF No. 168), raising claims that are not asserted in the instant § 2241 petition.  The District of Rhode Island denied that motion and declined to issue a certificate of appealability on February 28, 2011 (ECF No. 177).  The First Circuit declined to issue a certificate of appealability and terminated Lipscomb's appeal.  See Lipscomb v. United States, Nos. 11-1460, 11-1798 (1st Cir. Nov. 17, 2011), cert. denied, No. 11-8480 (U.S. Feb. 27, 2012).

---

[2]This list is not exhaustive of Lipscomb's post-conviction litigation.

On August 15, 2013, Lipscomb sought permission from the First Circuit to file a successive § 2255 petition, alleging, among other things, that Colanduono's convictions, and the possibility that Colanduono had been engaged in criminal conduct while investigating and testifying in Lipscomb's criminal case, should be considered newly discovered evidence which, if known to the jury at the time of his trial, would have resulted in a not guilty verdict.  The First Circuit denied the request on October 2, 2013, stating, "Petitioner has not provided clear and convincing evidence that he was not guilty of the offense for which he was convicted."  See Lipscomb v. United States, No. 13-2030 (1st Cir. Oct. 2, 2013).

### Discussion

In general, the court in which a federal defendant was convicted and sentenced has exclusive jurisdiction over motions challenging the validity of the conviction or sentence, pursuant to 28 U.S.C. § 2255.  See Trenkler v. United States, 536 F.3d 85, 96 (1st Cir. 2008).  Lipscomb cannot challenge his conviction in a § 2241 action in this court unless he can show that the remedy provided in § 2255 is 'inadequate or ineffective to test the legality of his detention.'"  Id. (quoting § 2255(e)).  The threshold question is whether this action is

4

properly filed as a § 2241 petition.  See Glover v. Fox, 550 F. App'x 592, 594 (10th Cir. 2013), cert. denied, 134 S. Ct. 2737 (2014).

> In order to fit within this exception authorizing a petition under § 2241 for a claim that is within the substantive scope of § 2255, it is insufficient simply that relief under § 2255 is unavailable because, for example, a prior motion under § 2255 has been made and a successive motion under that section is disallowed by the court of appeals under the gatekeeping provisions of 28 U.S.C. §§ 2244 and 2255. . . . The application not only must show that relief is procedurally unavailable under § 2255, but also must assert a claim of actual innocence that (a) is "prov[able] . . . on the existing record," and (b) "could not have effectively [been] raised ... at an earlier time."

Poindexter v. Nash, 333 F.3d 372, 378 (2d Cir. 2003) (citations omitted); see also Trenkler, 536 F.3d at 99 (courts have allowed cases to be brought under the savings clause in "'rare and exceptional circumstances'" evincing a "'complete miscarriage of justice,'" defined as "only those 'extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.'" (quoting McCleskey v. Zant, 499 U.S. 467 (1991))).

Here, the First Circuit denied Lipscomb's request for authorization to bring a successive § 2255 motion because Lipscomb did not satisfy the gatekeeping requirements of § 2255(h) for filing a successive § 2255 motion.  As discussed

above, such a finding, if it does not work a "miscarriage of justice," renders § 2255 neither inadequate nor ineffective, and thus does not provide a petitioner with access to a § 2241 action challenging his conviction through § 2255(e).

The existence of "new evidence" relevant to Lipscomb's case, concerning Colanduono, is speculative at best, as Lipscomb has not offered any evidence that Colanduono was involved in criminal activity before or during his involvement with the Lipscomb criminal case.  Even if the court assumes, arguendo, that the evidence exits and that such evidence, if known to a factfinder, might cause the factfinder to mistrust Colanduono's truthfulness, the "new evidence" concerns Colanduono's own behavior and has no bearing on whether Lipscomb actually committed the crimes of which he was convicted.

In addition, Lipscomb concedes that another police officer, Scott Partridge, who has not been charged with or convicted of any crime, also testified at Lipscomb's trial as an eyewitness to Lipscomb's commission of the offenses.  Accordingly, even if Colanduono's testimony were discredited, a reasonable jury could credit Partridge's testimony and convict Lipscomb accordingly.

Because Lipscomb has not asserted facts from which the court can infer a plausible claim of actual innocence, he cannot claim that his inability to meet the gatekeeping requirements to

file a successive § 2255 petition has created a "miscarriage of justice." Accordingly, Lipscomb may not utilize the § 2255(e) "savings clause" to challenge his conviction in a § 2241 petition in this court. Lipscomb has thus failed to invoke the jurisdiction of this court, and the petition should be dismissed, without prejudice, on that basis.

### Conclusion

For the foregoing reasons, the district judge should dismiss Lipscomb's § 2241 petition, without prejudice, for want of jurisdiction. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the District Court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

                                    Andrea K. Johnstone
                                    United States Magistrate Judge

October 31, 2014

cc:   Anthony Lipscomb, pro se
      Seth R. Aframe, Esq.